HARRISON, PATTERSON, O'CONNOR & KINKEAD LLP
HARRY W. HARRISON  Bar No. 211141
CARY A. KINKEAD  Bar No. 216545
402 West Broadway, 29th Floor
San Diego, California 92101
Telephone: (619) 756-6990
Facsimile: (619) 756-6991
hharrison@hpolaw.com

PETER D. NITSCHKE Bar No. 174123
NITSCHKE LAW GROUP
16520 Bake Parkway, Suite 105
Irvine, CA 92618
Telephone: (949) 872-2060
Facsimile: (949) 872-2061
peter@nlglaw.com

Attorneys for Plaintiff
ARNOLD H. NEWMAN

SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
DENNIS G. ROLSTAD  Bar No. 150006
ERIN A. CORNELL  Bar No. 227135
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635
dennis.rolstad@sdma.com

Attorneys for Defendant
HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ARNOLD H. NEWMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendant. | CASE NO. 08-CV-02578 GEB-DAD<br><br>**STIPULATION FOR PROTECTIVE ORDER OF INFORMATION CONTAINED IN HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S UNDERWRITING FILE AND SALES FILE AND ORDER** |

Plaintiff Arnold H. Newman and defendant Hartford Life and Accident Insurance Company ("Hartford") hereby STIPULATE and AGREE as follows:

1.  Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and as part of its disclosures in this action, Hartford intends to disclose to plaintiff certain internal documentation pertaining to whether the Plan at issue is subject to the Employee Retirement Income Security Act of 1974 ("ERISA").

2.  Plaintiff agrees that Hartford may designate certain information and documents disclosed pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure as "CONFIDENTIAL" under the terms of this Stipulation and Stipulated Protective Order (hereinafter "Order"), as information which has not been made public and which concerns or relates to Hartford's business practices, including underwriting, sales, claims handling and analysis regarding disputed coverage issues, the disclosure of which information will have the effect of causing harm to the competitive position of Hartford and its presently and/or formerly related entities.

3.  Hartford and plaintiff may designate such other certain documents, material, testimony, or other information derived therefrom as "CONFIDENTIAL" under the terms of this Stipulation and Stipulated Protective Order. The terms of this Protective Order will also apply to such certain other documents designated as "CONFIDENTIAL."

4.  By designating a document, including documents kept in electronic form, thing, material, testimony or other information derived therefrom as "CONFIDENTIAL," under the terms of this stipulation, the party so designating is certifying to the court that there is a good faith basis both in law and in fact for the designation.

5.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. However, the producing party may designate a produced document confidential after production for good cause notwithstanding the lack of a "CONFIDENTIAL" stamp on the document.

6.  Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other



1 proceeding. Arrangements shall be made with the court reporter taking and transcribing such
2 proceeding to separately bind such portions of the transcript containing information designated
3 as "CONFIDENTIAL", and to label such portions appropriately.

4     7. The material designated as "CONFIDENTIAL" under this Stipulation, the
5 information contained therein, and any summaries, copies, abstracts, or other documents derived
6 in whole or in part from material designated as confidential (hereinafter "Confidential Material")
7 shall be used only for the purposes of the prosecution, defense, or settlement of this action, and
8 for no other purpose.

9     8. Confidential Material produced pursuant to this Stipulation may be disclosed or
10 made available to the Court, to a party, to counsel for a party (including the paralegal, clerical,
11 and secretarial staff employed by such counsel), and to the "qualified persons" designated below,
12 only subject to all other terms of this Stipulation. "Qualified persons" include only:

13     a. in-house counsel of a party, or an officer, director, or employee of a party
14 deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

15     b. experts or consultants (together with their clerical staff) retained by such
16 counsel to assist in the prosecution, defense, or settlement of this action;

17     c. court reporter(s) employed in this action;

18     d. a witness at any deposition or other proceeding in this action; and

19     e. any other person as to whom the parties in writing agree.

20     9. Depositions shall be taken only in the presence of qualified persons.

21     10. Nothing herein shall impose any restrictions on the use or disclosure by a party of
22 material obtained by such party independent of discovery in this action, whether or not such
23 material is also obtained through discovery in this action, or from disclosing its own Confidential
24 Material as it deems appropriate.

25     11. If Confidential Material is to be included in any papers to be filed in Court, the
26 party proposing that such material be filed must first file a motion to obtain a court order
27 allowing such information to be filed under seal, and the confidential material must be filed
28 under seal, except that the producing party at its discretion may file such material without such



1. protection at its discretion.

2. 12. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

3. 13. This Stipulation shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Stipulation shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation. This Stipulation shall be effective between the parties irrespective of whether the Court executes this Stipulation and Proposed Order.

4. 14. This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation nor the production of any information or document under the terms of this Stipulation nor any proceedings pursuant to this Stipulation shall be deemed to have the effect of an admission or waiver by any party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

5. 15. This Stipulation shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to the producing party all documents, material and deposition transcripts designated as confidential by that producing party, and all copies of same, or shall certify the destruction thereof.

/////

/////

IT IS SO STIPULATED.

DATED: March 5, 2009     HARRISON, PATTERSON, O'CONNOR, & KINKEAD LLP
                         NITSCHKE LAW GROUP


By: /s/_____
    Peter D. Nitschke
    Attorneys for Plaintiff
    ARNOLD H. NEWMAN

DATED: March 11, 2009    SEDGWICK, DETERT, MORAN & ARNOLD LLP


By:/s/_____
    Dennis G. Rolstad
    Erin A. Cornell
    Attorneys for Defendant
    HARTFORD LIFE AND ACCIDENT INSURANCE
    COMPANY

### **ORDER**

IT IS SO ORDERED.

DATED: March 12, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.civil/newman2578.protectord